(109 App. Div. 330.)

KLEYLE v. CITY OF OSWEGO.

(Supreme Court, Appellate Division, Fourth Department.　November 15, 1905.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—INJURIES TO PEDESTRIANS—NOTICE.

Oswego City Charter, Laws 1895, p. 733, c. 394, § 345, provides that the city shall not be liable for injuries sustained by a sidewalk being obstructed by snow or ice, unless actual notice of the obstruction shall have been given to the common council, the department of public works, or the superintendent of works at least 48 hours prior to the injury. *Held*, that evidence that R. told the city superintendent of works, about a week before the accident in question, that he (witness) had just fallen on the walk, and that the condition of things on the street was worse than in the back part of the wards, without anything being said with reference to snow or ice on the walk, or proof of the condition of the walks "in the back part of the wards," was insufficient to show actual notice that the walk in question was obstructed with snow and ice.

2. SAME—AFFIDAVIT OF INJURY—VENUE—AMENDMENT.

Where the venue of an affidavit of a claim for injuries on a defective sidewalk, required by Oswego City Charter, Laws 1895, p. 733, c. 394, § 345, was laid in the city and county of Oswego, but the affidavit was taken before a notary, whose signature and seal stated that he was an official of New York county, and the affidavit was in fact taken in New York county, the court had no authority to permit the venue to be amended; it not being a proceeding in an action, within Code Civ. Proc. § 723, providing for amendments.

3. SAME—CLERICAL ERROR.

The defect in such affidavit was a mere clerical error on the part of the notary, and should be disregarded.

4. SAME—DATE OF INJURY—MISSTATEMENTS.

An error of one day, in stating the date of an accident, in an affidavit of personal injuries on a defective sidewalk, required by Oswego City Charter, Laws 1895, p. 733, c. 394, § 345, which was not discovered by either party until the trial was nearly finished, and did not mislead either party, should be disregarded.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1702.]

5. SAME—NEGLIGENCE.

Where a sidewalk was 19½ feet wide, a city was not negligent in permitting a strip of snow and ice 4 or 5 feet wide and 2 inches thick to accumulate on the outer edge of the walk.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1627.]

Appeal from Trial Term, Oswego County.

Action by Frederick A. Kleyle against the city of Oswego. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

John Tierman and George N. Burt, for appellant.

Thomas L. McKay and James R. O'Gorman, for respondent.

WILLIAMS, J. The judgment and order should be reversed upon questions of law and of fact, and a new trial granted, with costs to the appellant to abide event.

The action is for damages for personal injuries claimed to have resulted from the defendant's negligence. The plaintiff, December 11, 1902, slipped on an icy sidewalk in the defendant's city and fractured his wrist. The defendant's charter (section 345, c. 394, p. 733, Laws 1895) provides:

"The city of Oswego shall not be liable for the damage or injury sustained by any person, in consequence of any sidewalk or crosswalk in said city being out of repair, unsafe, dangerous, or obstructed by snow, ice, or otherwise, unless actual notice of the defective, unsafe or obstructed condition of said sidewalk or crosswalk shall have been given to the common council, the department of public works or the superintendent of works, at least forty-eight hours previous to such damage or injury."

The plaintiff attempted to prove this notice by the witness Ryan, who testified that he told the superintendent of works, about a week before this accident, that he (witness) had just fallen on this walk, and that the condition of things on this street was worse than in the back part of the wards, but did not tell him about the snow and ice on this walk. Considerable discredit was thrown upon this witness' evidence, and the superintendent of works denied the conversation entirely. Whether the talk occurred as testified by Ryan may very likely have been a question of fact for the jury. Assuming it to have taken place as Ryan states, however, it was hardly such a notice to the superintendent as constituted a compliance with the statute. He did not tell him his own fall was caused by ice or snow on the walk, did not mention snow or ice at all, and there was no proof as to the condition of the walks in the back part of the wards, with which this walk was compared, or that those walks were obstructed by ice or snow. Upon this evidence the court was hardly justified in submitting to the jury the question of actual notice to the superintendent of works of the dangerous and defective condition of the walk in compliance with the statute quoted. Certainly the finding of the jury that such notice was given, as they must have done in order to render a verdict for plaintiff, was contrary to the evidence in the case.

Section 345 of the charter further provides:

"All claims against the city for damages or injury alleged to have arisen from the defective, unsafe, dangerous, or obstructed condition of any street, cross-walk, sidewalk, culvert or bridge of the city, or from negligence of the city authorities in respect to any such street, cross-walk, sidewalk, culvert or bridge, shall, within three months after the happening of such damage or injury, be presented to the common council by a writing signed by the claim-

ant, and properly verified, describing the time, place, cause and extent of the damage or injury. The omission to present such claim as aforesaid, within three months, shall be a bar to any action or proceeding therefor, against the city."

In attempted compliance with this statute the plaintiff, March 5, 1903, presented a claim to the common council, stating the date of the accident as December 10, instead of December 11, 1902. The venue of the affidavit verifying the claim was the city and county of Oswego, but the affidavit was taken before a notary, who affixed his seal, and both his signature and seal stated he was an official of New York county. The court permitted plaintiff to show by parol that he made the affidavit in New York City, before a notary of that city, and thereupon the court permitted the venue to be amended, by striking out the word "Oswego" and inserting the words "New York," as a clerical error merely. The court had no authority to make this amendment. We know of no rule of law permitting it to be done. The only question is whether this error, apparently a mistake, could be disregarded, and the verification be held to be a substantial compliance with the statute. Upon the proof in the case we think the affidavit should not be regarded as a nullity. Babcock v. Kuntzsch, 85 Hun, 33–35, 32 N. Y. Supp. 587. It was suggested in that case that an amendment might be made; but the paper there was an affidavit for a requisition in partition, and was covered by section 723 of the Code of Civil Procedure, as a part of the proceedings in an action. This affidavit we are considering was not covered by that section; but we think the error was merely clerical in its nature, and might be disregarded. It would be a hard rule that would deprive the plaintiff of his right to recover by reason of such a mistake by the notary.

The court also permitted the error in the date of the accident to be corrected by amendment. We are of the opinion that the court had no power to make this amendment, for the reason that the claim was not a proceeding in the action, and so covered by section 723, Code Civ. Proc., and because the city acted upon the claim as it was, and after the action had been commenced no material change could be made in the claim, so as to affect the city. The only question is whether the error was so substantial a one as to prevent a recovery in the case. If it was, then the amendment could not help the plaintiff. If it was not, then the amendment did no harm, and may be disregarded. The mistake in the date was not discovered by either party until the trial was nearly finished. All alike supposed the true date of the accident was December 10th. It was finally discovered and conceded it was December 11th. Did this error deprive the plaintiff of his right to recover in the case? It was held in Sullivan v. City of Syracuse, 77 Hun, 440, 29 N. Y. Supp. 105, that an error of one day in stating the date of the accident was not fatal to the right to recover, under a provision like the one in question here, and we think such a rule a reasonable one. Under the circumstances appearing in this case, it would be a great hardship to deprive the plaintiff of his right to recover upon such a

slight error, one wholly a mistake, and that could not well have operated to the injury of the defendant.

As to the negligence of the defendant with reference to the ice on the walk, the ice did not cover the whole walk. It was a strip on the outer edge 4 or 5 feet wide, and 2 inches or so in thickness. There was a clear walk inside of this, some 15 feet wide. The whole width of the walk was 19½ feet. In the locality of Oswego, municipalities should not be held to the most rigid rule in keeping their sidewalks free from ice and snow in the winter. We think the jury were not justified in this case in charging the defendant with neglect as to snow and ice on the walk in question at the time of this accident. Their verdict was at least contrary to the evidence.

Upon his own evidence· the plaintiff was not very careful in passing over the walk, and getting upon the icy part when there was a wide space entirely clear inside; but it is possible the question of contributory negligence was for the jury.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law and fact. All concur; HIS-COCK, J., in result only.