WILLIAM J. PURDY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

1. STATUTES REQUIRING NOTICE TO MUNICIPALITY OF TIME AND PLACE OF INJURY. The purpose of statutes, requiring notice to be given to a municipality of the circumstances of an injury as a condition precedent to recovery, is to enable the municipality to investigate the facts as to time and place of the accident. When the notice contains information necessary for that purpose it is a substantial compliance with the statute, otherwise it is insufficient.

2. NOTICE HELD DEFECTIVE. A notice containing the statement " whilst walking along the sidewalk on Milford street, borough of Brooklyn, in the night time I was caused to fall into an opening, gully or trench running across said sidewalk," does not sufficiently designate the place of the accident, since Milford street is at least a mile in length and the description of the opening is such that its location is a matter of conjecture, rather than proof. *Held,* that the notice was defective. (Distinguishing *Werner* v. *City of Rochester,* 77 Hun, 33; affd., 149 N. Y. 563.)

3. RETENTION OF NOTICE NOT A WAIVER. The retention of the notice by the city authorities does not operate as a waiver since the statute imposes no active duty in this respect on the law officer of the city. (*Forsyth* v. *City of Oswego,* 191 N. Y. 441, followed.)

*Purdy* v. *City of New York,* 126 App. Div. 320, reversed.

(Argued November 19, 1908; decided December 8, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 1, 1908, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis K. Pendleton, Corporation Counsel (James D. Bell* of counsel), for appellant. The trial judge properly dismissed the complaint as the notice of intention to sue served upon the corporation counsel of the city of New York was clearly insufficient. (L. 1886, ch. 572, § 1; *Merz* v. *City of Brooklyn,* 128 N. Y. 617; *Curry* v. *City of Buffalo,* 135 N. Y. 366; 5 Thompson on Negligence, § 6325; *Missano* v.

*Mayor, etc.,* 160 N. Y. 123; *Rauber* v. *Vil. of Wellsville,*
83 App. Div. 581; *Forsyth* v. *City of Oswego,* 107 App.
Div. 187; 114 App. Div. 616.)

*Martin S. Lynch* for respondent. The notices to the cor-
poration counsel and the comptroller complied with the statute
and were under the circumstances in this case sufficient.
(*Werner* v. *City of Rochester,* 77 Hun, 33; 149 N. Y. 563;
*Beyer* v. *City of North Tonawanda,* 183 N. Y. 338.)

WERNER, J. This action was brought to recover damages
for injuries sustained by the plaintiff as the result of a fall
upon a defective sidewalk which, it is alleged, the defendant
negligently permitted to remain in a defective condition. The
trial court submitted the questions of fact to the jury, subject
to the opinion of the court. The jury reported a disagree-
ment, and then the court dismissed the complaint upon the
ground of the insufficiency of the notice served by the plain-
tiff in attempted compliance with the provisions of chapter
572 of the Laws of 1886. Judgment was entered dismissing
the complaint. Upon appeal to the Appellate Division, that
judgment was reversed and a new trial granted. Upon the
defendant's appeal to this court, the only questions presented
relate to the sufficiency of the notice required by the statute
referred to, and to the defendant's right to insist upon strict
compliance therewith.

As the complaint was dismissed, the plaintiff is entitled to
the view of the facts most favorable to him. These facts, so
far as material to the questions here involved, establish that
the plaintiff, on July 8th, 1904, received the injuries com-
plained of by falling into an opening, gully or trench extend-
ing across the sidewalk of Milford street, borough of Brooklyn,
city of New York. The opening or trench varied in depth
from 3 to 4 feet, and was about 3 feet wide. Milford street
is from a mile to a mile and a quarter in length. About a
month after the accident, the plaintiff caused to be served
upon the corporation counsel of the defendant the following
notice : " You will please take notice that I hereby, pursuant

to Chapter 572 of the Laws of 1886, notify you of my intention to commence suit against the City of New York to recover damages to the amount of Five Thousand dollars for injuries which I received on or about the 8th day of July, 1904. Whilst walking along the sidewalk on Milford street, Borough of Brooklyn, in the night time, I was caused to fall into an opening, gully or trench running across said sidewalk, whereby I was caused to sustain bodily injuries which I fear are permanent." This notice was received and retained without objection by the then corporation counsel of the defendant. The statute under which this notice was served (L. 1886, ch. 572, sec. 1) provides that no action to recover damages for personal injuries shall be maintained against any city of the state, having a population of 50,000 or over, on the ground of the negligence of any of the city's officers or agents, "unless notice of the intention to commence such action and of the *time and place* at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued." The only specification contained in the notice served by the plaintiff as to the place where he met with the accident of which he complains is that it occurred at an opening, gully or trench extending across the sidewalk of Milford street. Milford street is at least a mile in length. The first question to be determined is whether the plaintiff's notice sufficiently describes the place where the accident happened. The plain purpose of this statute, and of similar provisions in the charters of the various municipalities throughout the state, is to guard them against imposition by requiring notice of the circumstances of an injury upon which a claim for damages is made, so that its authorities may be in a position to investigate the facts as to time and place, and decide whether the case is one for settlement or litigation. The statute before us, reasonably construed, does not require those things to be stated with literal nicety or exactness, but it does require such a statement as will enable the municipal authorities to locate the place and

fix the time of an accident. When a notice contains the information necessary for that purpose, it is a substantial compliance with the statute, but when it falls short of that test it is insufficient. In *Beyer* v. *City of North Tonawanda* (183 N. Y. 338) the notice stated that the plaintiff was injured by tripping on a decayed plank on the easterly side of Paynes avenue, "about half way between Schenck street and Robinson street." The proof tended to show that the place was about 80 or 100 feet from the center between these two streets, and the notice was held sufficient. In the case at bar the notice does not state upon which side of the street the accident happened. The street is at least a mile in length, but the notice fixes no point. The bare naming of the street cannot be held to be a compliance with the statute unless we are ready to hold that any notice, no matter how vague and indefinite, is a compliance with the requirements of the statute. If a mere reference to a street a mile in length is enough, it would be equally good in a case where the street is many miles long.

The notice also stated that the place of the accident was at an opening, gully or trench extending across the sidewalk. The proof tended to show its dimensions. There was no other such opening on the street. Upon these facts the learned counsel for the respondent contends that the place was sufficiently identified. It may be assumed that the reference to the place was such that the city authorities might have been able to locate it, but it would have been by conjecture rather than proof. This is not enough. Given a case in which there were several or more such places as were referred to in the notice, the authorities might be deceived and misled rather than informed by such a notice. This case is not like that of *Werner* v. *City of Rochester* (77 Hun, 33 ; affd., 149 N. Y. 563.) There the pile of dirt at which the accident happened was described and located with an exactness that is not to be found in the notice now before us.

It is further contended in behalf of the respondent that the retention of the notice by the city authorities without objec-

tion as to its sufficiency constitutes a waiver on its part of the right to rely upon the defects in the notice as a defense to the action. The statute imposes no active duty in this behalf upon the law officer of the city. It would doubtless have been an act of courtesy had he called attention to the defect in time to have enabled plaintiff, or his counsel, to have remedied the defect, but it would be going too far to hold that the failure to do so effected a waiver by the city of its right to object to the insufficiency of the notice. In *Forsyth* v. *City of Oswego* (191 N. Y. 441) the claim required to be filed by the plaintiff was defective in failing to state the time of the accident. There the written claim was not only retained without objection, but the claimant was examined by the city attorney before the claims committee of the common council. Although the facts there were much stronger for the plaintiff than the facts in the case at bar, we held that there was no waiver of the city's rights.

None of the other questions presented need to be discussed. We think the judgment of the trial court dismissing the complaint was right and should have been affirmed at the Appellate Division.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs to the appellant in all courts.

GRAY, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; CULLEN, Ch. J., and HAIGHT, J., dissent.

Order reversed, etc.