FLORA CARSON, Respondent, v. VILLAGE OF DRESDEN, Appellant.

Negligence — action against village corporation — insufficiency of notice of accident required by Village Law — when right to object not waived.

1. A statement filed with a village clerk as a condition precedent to the maintenance of an action for damages for a personal injury which reads: "I claim a cause of action against said Village of Dresden for $5,000 by reason of defects in a sidewalk in said village on Seneca street, and the following is a statement of such cause of action: On the 12th day of January, 1907, I was walking along said street and stepped upon a plank, which was loose, and my feet went into a hole," fails to give any description of the place where the accident happened, and hence is not a compliance with the requirements of section 322 of the Village Law (L. 1897, ch. 414; Cons. Laws, ch. 64, § 341.)

2. The statement being insufficient, an admission by counsel for defendant of "filing and service of notice as stated in the complaint," followed by a statement that he did "not admit the notice was a compliance with the statute" is not a waiver of the right to object to its insufficiency.

*Carson* v. *Village of Dresden*, 137 App. Div. 927, reversed.

(Argued June 6, 1911; decided June 16, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 15, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. Smith O'Brien* for appellant. Plaintiff failed to comply with section 322 of the Village Law. (*Purdy* v. *City of New York*, 193 N. Y. 521; *Rauber* v. *Village of Wellsville*, 83 App. Div. 581; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Reining* v. *City of Buffalo*, 102 N. Y. 308.) Defendant did not waive its right to object to the insufficiency of the statement. (*Kennedy* v. *Mayor, etc.*, 34 App. Div. 311; *Sheehy* v. *City of New York*, 29 App. Div. 263; *Borst* v. *Town of Sharon*, 24 App. Div. 599; *Hamilton* v. *City of Buffalo*, 55 App. Div. 423.)

*M. A. Leary* for respondent. Defendant is estopped by its stipulation on the first trial from questioning the sufficiency of the notice. (*Stemmler* v. *Mayor, etc.*, 179 N. Y. 473; *Donovan* v. *Twist*, 119 App. Div. 734; *Gleason* v. *Baldwin*, 152 N. Y. 211; *Hines* v. *N. Y. E. R. R. Co.*, 149 N. Y. 159; *Fortunato* v. *Mayor, etc.*, 74 App. Div. 441; *Matter of N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 447; *Cowenhoven* v. *Ball*, 118 N. Y. 231; *Dubuc* v. *Lazell, Dailey & Co.*, 182 N. Y. 486.)

GRAY, J. The plaintiff brought this action against the defendant to recover damages; claiming to have sustained personal injuries in falling upon a defective sidewalk.

She had a verdict in her favor and the judgment entered thereon has been affirmed by the Appellate Division. Upon the defendant's appeal to this court, several questions. have been presented; but the only one, which demands consideration, relates to the sufficiency of the statement of the plaintiff's claim filed with the village clerk. The statute, (Village Law, Sec. 322, L. 1897, ch. 414), provides that "no action shall be maintained against the village for damages for a personal injury　*　*　* unless a written verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed," etc. The plaintiff alleged in the complaint that such a statement, following the language of the statute, was filed. The defendant's answer admitted that "a statement of plaintiff's alleged claim against defendant was filed;" but denied "that such statement was sufficient under the statute." On the trial, the plaintiff did not offer in evidence the statement; but the defendant, at the conclusion of the plaintiff's case, put it in evidence and based a motion for a nonsuit upon its inadequacy under the requirements of the Village Law. The motion was denied and the ruling was excepted to. The statement was addressed to the trustees and village clerk and read as follows: "I claim a cause of action against said Village of Dresden for $5,000, by reason of defects in a sidewalk in said village on Seneca street and the following is a statement of such cause of action: On the 12th day of January, 1907, I was .walking along said street and stepped upon a plank which was loose and my feet went into a hole ;" continuing by stating the nature of her fall and consequent injury. This statement of the plaintiff's claim was not a compliance with the provision of the Village Law; for it failed to give any description of the place where the accident happened. Seneca street is three-quarters of a mile in length and this notice does not give the slightest indication upon which side of the street,

or in what part of it, the plaintiff fell. As we held in the case of *Purdy* v. *City of New York*, (193 N. Y. 521), the statute requires "such a statement as will enable the municipal authorities to locate the place and fix the time of an accident." In that case a notice was held to be fatally defective, which stated, "Whilst walking along the sidewalk on Milford street, Borough of Brooklyn, in the night time, I was caused to fall into an opening, gully, or trench running across said sidewalk," etc. (p. 523.) There was even an attempt at greater particularity than in this case, in referring to the trench; but it was held that, with a street a mile in length, such a statement, not fixing the side of it, or a point in it, had failed to comply with the law. The statute was not intended to make difficult the recovery of any just claim for damages; it was intended to protect the municipality, as far as reasonably possible, by requiring that a notice of the claim be given, which shall apprise it sufficiently for the purposes of an investigation by its officials into the merits. There was no reason for the plaintiff's failure to comply, at least substantially, with the statute and for her filing so vague a statement of the occurrence.

It is contended, however, by the plaintiff that the defendant had stipulated away its right to object to the sufficiency of the statement of her claim. Upon the opening of the trial this took place: the plaintiff's counsel "offered in evidence the following admission and stipulation, (*sic*), from the record made upon the trial of this action when it was tried the first time, in the following words: Mr. Leary: Will it be admitted that a written verified statement of the nature of the claim in suit, and the time when and the place where the injury was received, was filed with the Village Clerk as required by statute within six months after the cause of action had accrued, and that the action was not commenced until after the expiration of thirty days after the claim was filed, but was commenced within a year after the cause of action had

27

accrued ?    Mr. O'Brien: We admit the filing and service of
the notice as alleged in the complaint, and that the action
was commenced within the time stated therein." There-
upon the defendant's counsel stated that he did "not
admit the notice was a compliance with the statute."
The trial court held with the plaintiff, that the stipulation
was, and remained, effective as a waiver. In so holding the
court erred. I think that the admission of defendant's coun-
sel, relied upon, was no broader than a concession as to the
filing and service of the statement, as the complaint had
alleged, and that was not a waiver of the right to object
to its sufficiency under the statute. The filing of the
statement was a condition precedent to the maintenance
of the action. "No action shall be maintained  *   *   *
unless a written verified statement  *   *   *  shall have
been filed," is the language of section 322 of the Village
Law and that makes it essential to the cause of action
that the statement, as prescribed, be alleged and proved.
The provision is prohibitive of a recovery until perform-
ance be shown.  (*Winter* v. *City of Niagara Falls,* 190
N. Y. 198; *Curry* v. *City of Buffalo,* 135 id. 366; *Reining*
v. *City of Buffalo,* 102 id. 308.)  If we might assume that
the defendant's counsel could waive the requirement of
the statute, as to which I have grave doubts, there still
remains the insuperable difficulty that the admission of
"filing and service of the notice as alleged in the com-
plaint" was not effective for anything, if the statement
itself was insufficient in law. That is to say, the admis-
sion left it still to be determined as a question of law,
whether the statement alleged in the complaint to have
been filed was a sufficient compliance with the statute.

I advise that the judgment of the Appellate Division
and of the Trial Term should be reversed and that a new
trial be ordered, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and
COLLIN, JJ., concur.

Judgment reversed, etc.