**Eugene Brenner, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 17,113.    (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 14, 1913. Rehearing denied October 28, 1913.

### Statement of the Case.

Action by Eugene Brenner against City of Chicago for damages for personal injuries. . From a judgment for plaintiff for ten thousand dollars, defendant appeals.

WILLIAM H. SEXTON, N. L. PIOTROWSKI, EDWARD J. BRUNDAGE and CLYDE L. DAY, for appellant; DAVID R. LEVY, MORTON G. SMITH and EDWARD C. FITCH, of counsel.

RICHARD J. FINN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATION, § 1051*—*what constitutes contributory negligence.* It is not negligence *per se* for the driver of a team to use a street because he has notice of its defective condition.

2. MUNICIPAL CORPORATIONS, § 1107*—*when contributory negligence is question for jury.* Where a street is full of holes at a point where a party has occasion to use it, and he drives into a hole while looking for the safest place and at the same time exercising care to avoid another trouble incident to street travel, the question of whether such party exercises due care for his own safety is one of fact upon which the findings of the jury will not be disturbed.

3. MUNICIPAL CORPORATIONS, § 1225*—*when notice of injury is sufficient.* A notice to a city stating that a person was injured "on or about the third day of December, 1908," complies with the statute, where the date mentioned is correct and the city is not misled, the words "or about" not changing the fact that the notice designated the exact date.

4. MUNICIPAL CORPORATIONS, § 1225*—*when notice to city of place of injury is sufficient.* A notice to a city of an injury which designates the street on which and the two nearest intersecting streets between which the accident occurred, and which describes the nature of the defect causing the injury, meets the purpose of the statute by enabling the city to locate the place of injury.

5. MUNICIPAL CORPORATIONS, § 1104*—*when instruction is unobjectionable.* Instruction as to constructive notice of unsafe condition of street, *held* not objectionable as assuming controverted facts to be proved.

6. DAMAGES, § 110*—*when excessive.* Verdict for ten thousand dollars for permanent, severe injuries, attended by pains, as where left leg was fractured and shortened and other injuries sustained, *held* not excessive.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

7. EVIDENCE, § 433*—*what hypothetical questions are proper.* Hypothetical questions as to matters of expert knowledge assuming facts with reference to the injuries and health of the plaintiff and concluding with the question as to whether the physical conditions described were caused by the accident, *held* not improper where it appeared that the defense was directed mainly to the condition of the street where the accident occurred and the claim of contributory negligence, although some effort was made to show that some of the conditions referred to in the questions might have resulted from previous illnesses and others from drinking habits.

8. MUNICIPAL CORPORATIONS, § 973*—*what is street.* Where a thoroughfare was paved and used for traffic and street cars and was patrolled by city officers, its existence as a street was *prima facie* shown.