MARGARET CASEY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Municipal corporations — actions for injuries caused by negligence of municipal authorities — notice of place and time of accident as condition precedent — insufficient allegation that payment of claim has been neglected or refused.

1. The statutory requirement (L. 1886, ch. 572) that no action can be maintained against certain cities on the ground of negligence unless a notice is filed with the counsel to the corporation, or other law officer thereof, of the time and place at which the injuries were received, is not complied with by a notice which states that the accident happened at a "hole in the pavement" "on the public highway, at about Washington street, near Vestry street, in the Borough of Manhattan in the City of New York." Such a notice is too vague and indefinite.

2. An allegation of due service of notice of plaintiff's claim and that "said thirty days have expired prior to the commencement of this action, *and said claim has not been adjusted or paid*," is insufficient under the provisions of the charter of the city of New York (L. 1901, ch. 466, § 261). It is not an allegation that the comptroller neglected or refused to make an adjustment or payment.

3. The comptroller is entitled to examine the claimant to ascertain whether or not an adjustment or settlement ought to be made. If he seeks such an examination, and for no other reason than lack of information as to the merits of the claim, due to claimant's inability to appear for such examination, fails to pay or adjust the claim, it cannot be said that his failure to pay is a neglect or refusal to make an adjustment or payment. It should appear that he has

waived or otherwise lost the right to examine the claimant. (L. 1910, ch. 545, § 1.)

4. The evidence presented a question of fact on the issue of defendant's negligence and the dismissal of the complaint on that ground was error. (*Lalor* v. *City of New York*, 208 N. Y. 431, distinguished.) But the trial court erred in refusing to grant defendant's motion to dismiss the complaint for insufficiency and in submitting to the jury the question of the comptroller's refusal or neglect to pay or adjust the claim.

*Casey* v. *City of New York*, 157 App. Div. 905, modified.

(Argued January 21, 1916; decided February 1, 1916.)

APPEAL from a judgment, entered June 27, 1913, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint upon the merits in an action to recover for personal injuries alleged to have been sustained by plaintiff as the result of a fall on defendant's sidewalk.

The facts, so far as material, are stated in the opinion.

*Leonard F. Fish* and *Thomas J. O'Neill* for appellant. There is abundant evidence to establish that there was a hole in the sidewalk six inches deep which had existed for months and into which plaintiff fell. (*Williams* v. *Brooklyn*, 33 App. Div. 539; *Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320; *Fordham* v. *Gouverneur*, 160 N. Y. 541.) The jury did not believe defendant's witness and were not bound to do so. (*Becker* v. *Koch*, 104 N. Y. 404; *Tredgen* v. *Nat. El. Co.*, 130 App. Div. 511; *Volkmar* v. *Manh. R. Co.*, 134 N. Y. 422.) The notice was sufficient. (*Beyer* v. *City of No. Tonawanda*, 183 N. Y. 338.)

*Lamar Hardy, Corporation Counsel* (*Terence Farley* of counsel), for respondent. The notice of intention to sue, which the plaintiff filed in attempted compliance with chapter 572 of the Laws of 1886, was not intended to enable the municipal authorities "to investigate the

facts as to time and place," but to deliberately mislead and deceive them and hinder their investigations. (*Purdy* v. *City of New York*, 193 N. Y. 521; *Forsyth* v. *City of Oswego*, 107 App. Div. 187; 114 App. Div. 616; 191 N. Y. 441; *F. R. I. W. Co.* v. *O. C.*, etc., *R. Co.*, 5 Allen, 221; *Kirkbride* v. *Lafayette Co.*, 108 U. S. 208; *Insley* v. *Shepard*, 31 Fed. Rep. 869; *Baring* v. *Erdman*, 2 Fed. Cas. 789; *People* v. *Dinslow*, 1 Caines, 177; *Loomis* v. *Jewett*, 35 Hun, 313; *Mohawk Bridge Co.* v. *U.*, etc., *R. Co.*, 6 Paige, 554; *People* v. *Collins*, 19 Wend. 56.) Plaintiff failed either to plead or prove that she had complied with the provisions of the charter. (*George* v. *City of New York*, 42 Misc. Rep. 271; *Matter of Farley* v. *Weil*, 63 Misc. Rep. 188; *Tolchinsky* v. *City of New York*, 164 App. Div. 636.) Even upon the testimony of plaintiff's own witnesses the depression was not a dangerous depression as a matter of law, and did not establish negligence on the part of the city. (*Lalor* v. *City of New York*, 208 N. Y. 431; *Cullinan* v. *Trolley Club*, 65 App. Div. 202; *Cullinan* v. *Furthman*, 187 N. Y. 160.)

POUND, J. The court below dismissed the complaint upon the merits on the ground that the plaintiff had proved no negligence on the part of the defendant, under the authority of *Lalor* v. *City of New York* (208 N. Y. 431). As SEABURY, J., pointed out in *Faber* v. *City of New York* (213 N. Y. 411) the complaint was dismissed in the *Lalor* case because a disinterested witness *called on behalf of the plaintiff* testified to actual and accurate measurements of the hole into which the plaintiff in that case stepped and thus made it clear that the defendant was not negligent. There the plaintiff was sworn out of court by her own witness, but in this case the accurate measurements were testified to by one of defendant's witnesses, and we cannot dismiss the complaint for the reason assigned without disregarding the evidence of plaintiff's witnesses, which we may not do. The evidence

presented a question of fact on the issue of defendant's negligence and the dismissal of the complaint on that ground was error.

The judgment dismissing the complaint must, however, be sustained on other grounds.

Defendant questions the sufficiency of the notice of intention to sue which plaintiff filed under chapter 572, Laws of 1886, which provides that no action to recover damages against any city of the state, having a population of 50,000 or over, on the ground of the negligence of the city's officers or agents, can be maintained, " unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued." The notice states that this accident happened at a "hole in the pavement" " on the public highway, at about Washington street, near Vestry street, in the Borough of Manhattan, in the City of New York." This notice is so vague and indefinite as to be almost meaningless. Where is " at about Washington street, near Vestry ? " Is it *in* Washington street ? If so, on which side of Washington street and on which side of Vestry street, and how near to Vestry street ? The word " near " means " not distant from," but the term is wholly relative, and locates nothing with any degree of precision. On the trial the place of the accident was fixed by plaintiff's witnesses as being in front of No. 419 on the east side of Washington street, which was three numbers south of Vestry street. No one could from the notice locate the place with accuracy, and plaintiff is wholly without excuse for this defect. (*Purdy* v. *City of New York,* 193 N. Y. 521, 524.)

The city had no difficulty in finding the spot where plaintiff fell and making its measurements soon after the accident, and as the first purpose of the statute is to

enable the city to conduct its investigations intelligently, it is urged that the notice, vague as it is, is definite enough to serve that purpose in this case. (*Beyer* v. *City of North Tonawanda,* 183 N. Y. 338.) The city is entitled to know not alone where the accident in fact happened, but also where the injured person *claims* that it happened. The two points are not necessarily and invariably identical, and the rule requiring a particular location to be stated in the notice should not be greatly relaxed merely because the conjectures of the city officials as to its meaning prove accurate. "Given a case in which there were several * * * such places as were referred to in the notice, the authorities might be deceived and misled rather than informed by such a notice." (WERNER, J., in *Purdy Case, supra.*)

Plaintiff has not only failed to prove the service of a proper notice, but has also failed to plead and prove another fact essential to sustain the judgment of the trial court. Section 261 of the Greater New York charter provides that "No action * * * shall be prosecuted or maintained against The City of New York, unless it shall appear by and as an allegation in the complaint * * * that at least thirty days have elapsed since the demand, claim or claims upon which such action * * * is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment; * * * *" Section 149, as amended, L. 1910, ch. 545, provides, in part, that: "The comptroller may require any person presenting for settlement an account or claim for any cause whatever, against the corporation, to be sworn before him or before either of the deputy comptrollers, touching such account or claim, and when so sworn, to answer orally as to any facts relative to the justness of such account

or claim. Willful false swearing before the comptroller or deputy comptroller is perjury and punishable as such."

The complaint alleges due service of notice of plaintiff's claim and that "said thirty days have expired prior to the commencement of this action, *and said claim has not been adjusted or paid.*" This is far from being an allegation that the comptroller has "neglected or refused" to make an adjustment or payment. GAYNOR, J., in *George v. City of New York* (42 Misc. Rep. 270, 274) says: "The complaint only alleges that more than thirty days before the commencement of the action the claim was presented to the comptroller, 'but no adjustment or payment of the same has been made.' This is no allegation that the comptroller 'neglected or refused.' He may have been prevented by the plaintiff refusing to appear before him and be examined on oath concerning the claim, which he has to do if the comptroller requires it (Charter, section 149) in order to enable the comptroller to make the adjustment; in which case there would be no neglect or refusal by the comptroller."

The evidence establishes that notice to appear for examination before the comptroller on October 5, 1910, was duly given to plaintiff and that adjournments of the examination were had from time to time at the request of plaintiff on account of her physical inability to appear for examination, with the understanding, at least on the part of the comptroller, that such adjournments were without prejudice to the comptroller's right to settle or adjust the claim within the same period of time after such examination as the comptroller had at the date originally fixed, and that such adjournments were carried to a date long beyond the commencement of the action. The comptroller is entitled to examine the claimant to ascertain whether or not an adjustment or settlement ought to be made. If he seeks such an examination, and for no other reason than lack of information as to the

merits of the claim, due to claimant's inability to appear for such examination, fails to pay or adjust the claim, it cannot be said that his failure to pay is a neglect or refusal to make an adjustment or payment. It should appear that he has waived or otherwise lost the right to examine the claimant. (*Tolchinsky* v. *City of New York*, 164 App. Div. 636.) The fact of the comptroller's neglect or refusal to pay or adjust plaintiff's claim was an essential part of her cause of action, to be alleged and proved by her. "Municipal liability for injuries is a matter that is within the control of the legislature and when it is enacted what that liability shall be, and the conditions upon which it may be enforced are prescribed, the statutory provisions are controlling on the subject." (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198, 203.)

The complaint failed to state facts sufficient to constitute a cause of action and defendant was not required to raise the point by demurrer. (Code Civ. Pro. § 499.)

The trial court erred in refusing to grant defendant's motion to dismiss the complaint for insufficiency and in submitting to the jury the question of the comptroller's refusal or neglect to pay or adjust the claim.

The judgment should be modified by striking out the words "on the merits," and as so modified affirmed, with costs.

·WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDE-BACK and HOGAN, JJ., concur; SEABURY, J., concurs except in so far as the decision holds the description of the place in the notice to be insufficient. The defendant had no difficulty in locating the place. The notice, therefore, accomplished its purpose.

Judgment modified.