IDA WEISMAN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Negligence — New York (city of) — action to recover for injuries claimed to have been caused by defective sidewalk — notice " of time and place " of accident — notice which fails by eight days to state the correct time of the accident is defective and fails to comply with the statute.

1. In an action brought against the city of New York to recover for personal injuries, plaintiff attempted to comply with the statute requiring notice " of the time and place at which the injuries were received " by filing a notice in which she gave the date as August twentieth. On the trial she was allowed to prove the date as August twenty-eighth. Intermediate the notice and the trial she had been examined and stated the date as August twenty-eighth, but subsequent to such examination she alleged in her complaint that the injury occurred on August twentieth. *Held*, that all the cases on the subject fully recognize either directly or by implication the necessity not only of a statement of the date of the accident but also a substantially correct statement of that date. *Held*, *further*, that a claimant is not relieved from failure to comply with the statute because he has been examined as to the details of his claim or because it might be supposed that the defendant has not suffered from a mistake in the notice.

2. The court would not have been justified in holding as a matter of law that a notice failing by eight days to state the correct time of the accident was sufficient, and it was error for the trial judge to

submit to the jury as a question of fact whether plaintiff's notice with its erroneous statement of the time of the accident was a substantial compliance with the statute.

*Weisman* v. *City of New York*, 169 App. Div. 558, reversed.

(Argued April 28, 1916; decided October 10, 1916.)

APPEAL from a judgment, entered December 2, 1915, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and dismissing the complaint, and directed judgment in favor of plaintiff upon the verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lamar Hardy, Corporation Counsel* (*Terence Farley, E. Crosby Kindleberger* and *Josiah A. Stover* of counsel), for appellant. The notice of intention to sue incorrectly stating the time when the accident happened was fatally defective and barred any recovery on the part of the plaintiff. (L. 1886, ch. 572; *Casey* v. *City of New York*, 217 N. Y. 192; *MacMullen* v. *City of Middletown*, 187 N. Y. 37; *Learned* v. *Mayor, etc.*, 27 Misc. Rep. 601; *Purdy* v. *City of New York*, 193 N. Y. 521; *Carson* v. *Village of Dresden*, 202 N. Y. 414; *Foster* v. *City of New York*, 168 App. Div. 924; *Forsyth* v. *City of Oswego*, 114 App. Div. 616; 191 N. Y. 441; *Lee* v. *Village of Greenwich*, 48 App. Div. 391; *Cotriss* v. *Village of Medina*, 139 App. Div. 872; 206 N. Y. 713; *Wesley* v. *City of New York*, 154 N. Y. Supp. 461; *Freligh* v. *Village of Saugerties*, 70 Hun, 589; *Walker* v. *City of New York*, 150 App. Div. 280; *Van Hovenberg* v. *City of New York*, 83 Misc. Rep. 369; *McClorey* v. *City of New York*, 158 App. Div. 946; *Mack Paving Co.* v. *City of New York*, 142 App. Div. 702.)

*George F. Hickey, Bernard Breitbart* and *Charles Breitbart* for respondent. There was a substantial com-

pliance with the provisions of chapter 572 of the Laws of 1886. (*Sheehy* v. *City of New York*, 160 N. Y. 139; *Walden* v. *City of Jamestown*, 178 N. Y. 213; *Purdy* v. *City of New York*, 193 N. Y. 521; *Kleyle* v. *City of Oswego*, 109 App. Div. 330; *Masters* v. *City of Troy*, 50 Hun, 485; *Sullivan* v. *City of Syracuse*, 77 Hun, 441; *Cross* v. *City of Elmira*, 86 Hun, 467; *Werner* v. *City of Rochester*, 77 Hun, 33; 149 N. Y. 563; *Missano* v. *Mayor, etc.*, 160 N. Y. 123, 133; *Stedman* v. *City of Rome*, 88 Hun, 279.)

HISCOCK, J. This action was brought by plaintiff to recover damages for personal injuries claimed to have been sustained by reason of a defective sidewalk, and a judgment has been rendered in her favor. Concededly, the statute explicitly and peremptorily required that as a condition precedent to the commencement of her action to recover such judgment she should serve "notice of the intention to commence such action and of the time and place at which the injuries were received," by filing the same "with the counsel for the corporation or other proper law officer * * * within six months after such cause of action * * * accrued." She attempted to comply with this requirement by filing a notice wherein she stated that the time of the accident was August *20*, 1912. On the trial, notwithstanding the due and timely objections and motion of the defendant, she was allowed to recover under such notice on evidence which showed that the accident happened August *28*, 1912. Intermediate the service of the notice and the trial she had been examined by the corporation counsel and had stated that the accident occurred August 28th, but subsequent to such examination she had served her complaint in which she had alleged that the accident occurred on the date mentioned in her notice, to wit, August 20, 1912. The trial judge submitted it to the jury to determine as a question of fact whether her notice with its

erroneous statement of the time of the accident was a substantial compliance with the statute and this was duly excepted to by the defendant's counsel who insisted that this was not a question of fact but that it should be held as a matter of law that substantial compliance with the statute had not been effected.

Various theories are advanced for the purpose of relieving plaintiff from the blunder affecting her notice. It is argued that the notice described the place of the accident and specified a time when the accident was alleged to have occurred and that there was, therefore, no defect in the form of the notice, and some distinction seems to be attempted between a notice which is "insufficient in *form*" and one which is sufficient in form but contains an "error in fact," in that it inaccurately states the alleged date of the accident. I am not able to adopt any such theory as this. The statute by its terms makes the statement of the time of the accident just as important as the statement of the place of the accident and the results of the failure to comply with this requirement because of an erroneous statement of the date of the accident cannot be avoided by saying that the notice is correct in form although erroneous in fact. All the cases on the subject fully recognize either directly or by implication the necessity not only of *a* statement of the date of the accident but also of a substantially *correct* statement of that date. (*Foster* v. *City of New York*, 168 App. Div. 924; *Cotriss* v. *Village of Medina*, 139 App. Div. 872, 874, 875; affirmed, 206 N. Y. 713; *Purdy* v. *City of New York*, 193 N. Y. 521, 523, 524; *Carson* v. *Village of Dresden*, 202 N. Y. 414, 417; *City of Fort Wayne* v. *Bender*, [Ind.] 105 N. E. Rep. 949; *Ouimette* v. *City of Chicago*, 242 Ill. 501, 507; *Casey* v. *City of New York*, 217 N. Y. 192; *Carter* v. *City of St. Joseph*, 152 Mo. App. 503; *Taylor* v. *Peck*, 29 R. I. 481; *Gardner* v. *City of New London*, 63 Conn. 267; *White* v. *Town of Stowe*, 54 Vt. 510.)

In the next place the argument is advanced that although the date of the accident was incorrectly stated the defendant suffered no harm therefrom and, therefore, that the error may be disregarded.

It is argued on this point, "If * * * the inaccuracy did not mislead the defendant or result in any respect to its prejudice, it should not be regarded as insufficient." Again, I think that this statement is not in accordance with the decisions of this court but directly opposed thereto; that the effects of a failure to comply with the statute requiring service of this notice were neither tested nor avoided by the fact that the city has not suffered in consequence of such error. And first in this connection, there ought to be corrected the impression that plaintiff fully advised defendant by her examination under the statute that the date finally given on the trial was the correct time of her accident. As has been stated, subsequent to the time when she was thus examined and gave a date corresponding with that given on the trial she served her complaint in which she reverted to and alleged the original, incorrect date of August 20th. Therefore, by her last and controlling word on this subject the defendant was authorized to believe that after all the correct date was August 20th and that that would be the one which it was compelled to meet on the trial. Under all of these circumstances the law is perfectly clear that a claimant is not relieved from failure to comply with the statute because he has been examined as to the details of his claim or because it might be supposed that the defendant has not suffered from a mistake in the notice.

In *Winter* v. *City of Niagara Falls* (190 N. Y. 198, 205), it appeared that the plaintiff had failed to present a claim for damages resulting from his alleged injuries within the time specified by the statute but the Appellate Division were of the opinion that the defendant had waived compliance with the provisions of its charter which would have barred the action. It was claimed

that this waiver had been accomplished by subpœnaing the plaintiff to appear and submit to an examination which was conducted by the city attorney. It was held by this court that such examination did not amount to a waiver but simply to a discharge of his duty by the corporation counsel and that "with a pleading neither alleging compliance, substantial, or otherwise, with the requirement of the statute, nor alleging a waiver, or any facts excusing the plaintiff from performance, the defendant's demurrer" to the complaint, on the face of which appeared plaintiff's failure, should have been sustained.

In *Forsyth* v. *City of Oswego* (191 N. Y. 441, 445) the plaintiff failed to serve the requisite notice of the time and place of his alleged injuries by reason of a defect in the highway. Subsequently he was interrogated as to the circumstances of his alleged accident at a hearing before a committee of the board of aldermen to which his claim had been referred, and it was asserted that such facts constituted a waiver of a defense on the part of the municipality arising from failure to serve his notice. It was held, however, that these facts did not constitute such a waiver, the court saying: "Neither is the fact that the plaintiff was given a hearing before that committee evidence of the defendant's intention to waive anything. The defendant had the right to investigate the circumstances under which the claim arose before deciding what action it would take. Municipal corporations, acting through their officers and agents, have the right to conduct such investigations for the very purpose of ascertaining whether they are liable or not."

In *Purdy* v. *City of New York* (193 N. Y. 521, 523) a notice was served which did not sufficiently designate the place of the alleged accident to plaintiff and it was claimed that the retention of this notice by the defendant operated as a waiver of the requirement of the statute. The court, speaking through Judge WERNER on this subject, said: "The statute before us, reasonably construed,

does not require those things to be stated with literal nicety or exactness, but it does require such a statement as will enable the municipal authorities to locate the place and fix the time of an accident. When a notice contains the information necessary for that purpose, it is a substantial compliance with the statute, but when it falls short of that test it is insufficient."

In *Cotriss* v. *Village of Medina* (*supra*) the plaintiff failed to comply with the requirement of a statute that verified claims for damages for personal injuries resulting from defective streets should be served. It was claimed that plaintiff's failure to verify her notice did not result in any injury to the defendant and, therefore, should be overlooked, but it was said in respect of this claim: "It may be that the omission to present the proper writing or statement to the board did not result in any damage to the defendant. That is not the test. The requirement is absolute, and the question of whether injury resulted from the failure to comply with the explicit mandate of the statute is not open to proof or inquiry. If so, these and similar provisions intended to safeguard municipalities against the imposition of unjust claims would be nullified." (139 App. Div. 872, 875.)

In *Casey* v. *City of New York* (217 N. Y. 192, 195) the notice served in behalf of plaintiff was held to be insufficient in respect of the statement of the place of the accident. It was claimed, however, that this defect should be disregarded because the city had no difficulty in finding the place where the accident happened and had suffered no harm as the result of the defect. But it was said by this court through Judge POUND: "No one could from the notice locate the place with accuracy, and plaintiff is wholly without excuse for this defect. * * * The city had no difficulty in finding the spot where plaintiff fell and making its measurements soon after the accident, and as the first purpose of the statute is to enable the city to conduct its investigations intelligently, it is

urged that the notice, vague as it is, is definite enough to serve that purpose in this case.   *  *  *   The city is entitled to know not alone where the accident in fact happened, but also where the injured person *claims* that it happened.   The two points are not necessarily and invariably identical, and the rule requiring a particular location to be stated in the notice should not be greatly relaxed merely because the conjectures of the city officials as to its meaning prove accurate." (See, also, *Rauber* v. *Village of Wellsville,* 83 App. Div. 581; *Ouimette* v. *City of Chicago, supra; Sowle* v. *City of Tomah,* 81 Wis. 349; *Shea* v. *City of Lowell,* 132 Mass. 187.)

As I have stated, I know of no difference in binding effect between the requirements of the statement in such a notice of the time and of the place and it seems to me that under the cases which have been cited the plaintiff is not excused either on the ground that there has been a waiver of a requirement of the statute or that the defendant has not suffered as the result of her mistake.

The cases of *Sheehy* v. *City of New York* (160 N. Y. 139) and *Walden* v. *City of Jamestown* (178 N. Y. 213) do not sustain any such proposition as is urged in behalf of the plaintiff.

In the *Sheehy* case the only claim was that the notice was deficient in failing to state in explicit terms an intention to commence an action, and it was held that it fulfilled the purpose of the statute by informing the corporation counsel of the nature of the claim, the place where and the circumstances under which it arose and of a purpose to enforce it — a very different case as it seems to me than one where the plaintiff has failed to make a correct statement of the time or place of an accident.

In the *Walden* case it was simply held that plaintiff should not be deprived of his right to bring an action because of his failure within forty-eight hours to serve notice stating the place where the accident occurred when it appeared that literal compliance with the

statute was impossible because of plaintiff's physical condition and notice was in fact served within seventy-two hours after the accident happened.

So, as it seems to me, we come to the only possible theory on which plaintiff can ask to be relieved of her error in the statement of the time of the accident, and this is the one that her notice was a substantial compliance with the statute. I think it was error for the court to submit this question as one of fact to the jury. (*City of Fort Wayne* v. *Bender*, [Supreme Court, Ind.] 105 N. E. Rep. 949, 950.) But if the court would have been justified in holding as a matter of law that a notice failing by eight days to state the correct time of an accident was nevertheless a substantial compliance with the statute, this error can be disregarded and the judgment upheld. No case can be found in this state or elsewhere which holds any such doctrine as that. Only two cases decided in this state have been cited passing directly on this general question. These are the ones of *Sullivan* v. *City of Syracuse* (77 Hun, 440) and *Kleyle* v. *City of Oswego* (109 App. Div. 330) where it was held only after considerable discussion and careful consideration that a notice stating within one day the correct time of an accident might be regarded as a substantial compliance with the statute, although in the latter case a judgment in favor of the plaintiff was reversed and what was said on this point was more or less dictum.

It is also true that it has been held in various cases that a notice stating that the accident occurred "on or about" a certain date would be regarded as a sufficient compliance with the statute when the date stated was the one on which the accident actually occurred. (*Murphy* v. *Village of Seneca Falls*, 57 App. Div. 438, 440; *Brenner* v. *City of Chicago*, 182 Ill. App. 348.) This doctrine, however, has been denied in this state. (*Lee* v. *Village of Greenwich*, 48 App. Div. 391, 394.)

When, however, we pass these cases and come to those

dealing with a clear misstatement of the date of the accident we find that an error of ten days or less in the notice of an accident has been held fatal and not to be excused upon the theory of a substantial compliance.

In the *Ouimette* case, already cited, there was an error in the statement of the date of a month, and, of course, that was so much more serious than the one now before us that the case is not a controlling authority. Nevertheless, there will be found in the opinion a discussion which impliedly upholds the proposition now being advanced that the error in this case is too serious to be overlooked.

In *Gardner* v. *City of New London* (63 Conn. 267) it was held that a mistake of three days was fatal.

In *Taylor* v. *Peck* (29 R. I. 481) a mistake of only one day was held to be fatal.

In the very well-considered case of *City of Fort Wayne* v. *Bender*, already cited, an error of ten days was held to be fatal.

In a large city like New York it is of the utmost importance that its officials should be accurately informed concerning the alleged date and location of an accident. Paraphrasing the language used by Judge POUND in the *Casey Case* (*supra*) it is essential that they should know not only when an accident happened, but also when it will be claimed that it happened, and if it should be held that after preparation has been made to meet the claim of an accident on a date stated in the notice and complaint, a plaintiff may suddenly on the trial transfer his claim to a date eight days later, it is perfectly evident that the requirements of the statute will have been so emasculated that not much virility will be left.

If it should be thought that this interpretation of the statute may at times result in unnecessary hardship to a litigant where an amendment of the notice might be allowed without injury to the municipality this method of relief rests with the legislature through amendment of the statute.

I recommend that the order and judgment of the

Appellate Division be reversed, with costs in both courts, and judgment of Trial Term affirmed.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur.

Judgment and order reversed, etc.