Patrick H. Murray, Claimant, *v*. State of New York.

### Claim No. 16130.

(State of New York, Court of Claims, April, 1921.)

Claims — when court without power to amend — notice of intention — contracts.

> A claim may not be amended by setting up a cause of action of a nature different from that stated in the notice of intention and dependent upon essential facts not contained in such notice.

> Where the notice of intention filed against the state for work done under a contract neither charges nor imputes to the state, its officers or agents, acts, faults or omissions other than those of negligence, mistake and error, the court is without power to amend the claim so as to set up fraud.

Motion to amend claim.

H. G. Pierce (William Lynn, of counsel), for claimant.

Henry P. Nevins, deputy attorney-general, for State of New York.

Corwin, J.   The claimant herein duly filed a notice of his intention to file a claim against the state for work done by him under a certain contract with the state, stating that the claim arose out of " acts, faults and omissions of the State of New York, its officers, agents and servants." So far as is essential to the determination of this motion, the " acts, faults and omissions " specified in said notice of intention are as follows: (1) That the plans and drawings of the work to be done under said contract, which were provided by the state, its officers and agents, showed certain

rock lines and rock excavation to be made by claimant; that the same had been " negligently prepared;" and that claimant was compelled to excavate in excess of the rock shown on the plans. (2) That the state, " by mistake and error of its officers and agents, preparing the plans and specifications of said contract omitted certain earth excavations   *   *   * thereby requiring claimant to excavate 274 yards of earth and back filling." (3) That the state, " in preparing the plans and specifications, failed to show the existence of hardpan   *   *   * and in place thereof showed silt sand and gravel."

The claim subsequently filed alleges, in substantially the same language, the same facts stated in the notice of intention.

The claimant now seeks to amend his claim so as to set up fraud.

In no place does the notice of intention filed herein charge or impute to the state or its officers or agents other " acts, faults or omissions " than those of negligence, mistake and error. That these are insufficient to support an action for fraud is clearly shown in *Kountze* v. *Kennedy*, 147 N. Y. 124, 129, where the court says: " Misjudgment, however gross, or want of caution, however marked, is not fraud. Intentional fraud, as distinguished from a mere breach of duty or the omission to use due care, is an essential factor in an action for deceit. The man who intentionally deceives another to his injury should be legally responsible for the consequences. But if through inattention, want of judgment, reliance upon information which a wiser man might not credit, misconception of the facts or of his moral obligation to inquire, he makes a representation designed to influence the conduct of another, and upon which the other acts to his prejudice, yet, if the

misrepresentation was honestly made, believing it to be true, whatever other liability he may incur he cannot be made liable in an action for deceit. The law affords remedies for the consequences of innocent misrepresentation.'' See, also, *Reno* v. *Bull,* 226 N. Y. 546.

It is, therefore, obvious that the notice of intention neither specifically states the nature of the claim to be that of fraud nor does it set up the essential facts from which such a claim can be imputed. And not only has the claimant filed no notice of intention to file a claim for damages arising out of fraud; but his notice of intention to file a claim for damages due to negligence, in effect, amounts to a disclaimer of intention to file a claim for the same damages growing out of fraud. *Konner* v. *State of New York,* 180 App. Div. 837, 842.

The due filing of a notice of intention is requisite to confer upon this court jurisdiction. *Buckles* v. *State of New York,* 221 N. Y. 418; *Butterfield* v. *State of New York,* Id. 701. Such notice of intention must state in detail the nature of the claim (Code Civ. Pro. § 264); and it cannot be amended. *Kleyle* v. *City of Oswego,* 109 App. Div. 330.

To permit the amendment asked for would deprive the state of the benefit of a notice of intention stating in detail the nature of the claim, would put the claimant in the position of urging a claim without having filed the requisite notice of intention, and would automatically oust the court of jurisdiction.

While we have no doubt of the power of this court to permit the amendment of a claim by the addition of an allegation material to the cause of action stated in the notice of intention and within the limits of the facts therein set forth, we believe that such power cannot be extended to permit an amendment setting

up a cause of action of a different nature from that stated in the notice of intention and which cause of action is dependent upon essential facts not contained in such notice. The motion should, therefore, be denied.

Ackerson, P. J., concurs.

Motion denied.