SARAH SCHWARTZ, an Infant, by SAMUEL SCHWARTZ, Her Guardian ad Litem, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

SAMUEL SCHWARTZ, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

(Submitted January 9, 1929; decided February 13, 1929.)

*George P. Nicholson, Corporation Counsel (J. Joseph Lilly, Henry J. Shields* and *Edward A. Gobel* of counsel), for appellant. The notices filed by the plaintiffs do not comply with the provisions of the governing statutes in that they do not specify the place of the accident. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Mertz* v. *City of Brooklyn*, 33 N. Y. S. R. 577; 128 N. Y. 617; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Krall* v. *City of New York*, 44 App. Div. 259; *Van Den Bergh* v. *City of New York*, 208 App. Div. 72; *Fitzpatrick* v. *City of New York*, 220 App. Div. 320; *Purdy* v. *City of New York*, 193 N. Y. 521; *Weisman* v. *City of New York*, 219 N. Y. 178; *Lautman* v. *City of New York*, 157 App. Div. 219; *Rauber* v. *Vil. of Wellsville*, 83 App. Div. 581; *Watts* v. *City of New York*, 133 App. Div. 400; *Casey* v. *City of New York*, 217 N. Y. 192.)

*Louis Zimmerman* and *B. F. Norris* for respondents. The notices filed by the plaintiffs were sufficient. (*Wood* v. *Duff Gordon*, 222 N. Y. 88; *Dinsmore* v. *City of New York*, 221 App. Div. 755.)

LEHMAN, J. While the infant plaintiff was sitting with her mother upon a bench in a park in the borough of The Bronx in the city of New York, a piece of burning newspaper was blown in a gust of wind against her face, and the child sustained some injuries. It appears that an employee of the city had set fire to the newspaper and to some other rubbish which he had collected. Thereafter these actions were begun against the city.

The evidence is sufficient to sustain the verdict of the jury that the injuries to the child were caused by an employee of the city. The verdict of the jury was set aside upon the ground that the notice served upon the Comptroller did not comply with chapter 572 of the Laws of 1886, and

judgments dismissing the complaints were entered in each action. Upon appeal to the Appellate Division the orders setting aside the verdicts were reversed; the verdicts were reinstated and judgments entered for the plaintiffs.

The notice served states that the damages were sustained through the negligence of employees of the city of New York " in permitting a fire to be made in St. Mary's Park on St. Ann's Avenue and 141st Street in the Borough of The Bronx, near where said infant was sitting at said time." It appears that there is but one St. Mary's Park in the borough of The Bronx. Its extent is thirty-two acres. Its southerly side is on One Hundred and Forty-third street, and its frontage on St. Ann's avenue is 1,434 feet. Doubtless the place where the injuries were sustained might have been stated with greater nicety, but substantial compliance with the statute, sufficient to enable the officers of the city to locate the place where it is claimed the accident occurred, is all that is required. (*Purdy* v. *City of New York*, 193 N. Y. 521.)

The officers receiving the notice could not have had any doubt that the plaintiffs claimed that the accident occurred in St. Mary's Park. True, the notice places St. Mary's Park on One Hundred and Forty-first street and St. Ann's avenue, when in fact it is two blocks distant from One Hundred and Forty-first street. Since it appears that there is only one St. Mary's Park in The Bronx, and that park extends for over a quarter of a mile along St. Ann's avenue, the city officers must have understood what park was meant. A private individual would hardly be listened to if he urged that he was misled because the notice placed the park at One Hundred and Forty-first street. Any reasonable person would have known that there was an error in the naming of the street, and would have rejected that as surplusage. The city could not have been misled or prejudiced by the error. The real question is whether the notice is defective through its omission to state the particular place in the park of thirty-two acres where the accident occurred.

It may be conceded that in a number of cases the court has held notices insufficient though the place of the accident was stated with greater nicety and accuracy than in this case. (*Purdy* v. *City of New York, supra; Casey* v. *City of New York*, 217 N. Y. 192; *Weisman* v. *City of New York*, 219 N. Y. 178.) In those cases the plaintiff claimed that a defective sidewalk caused the injuries. Though the city may have information that a person was injured at a particular time and place, yet the statute requires that the injured party should file a notice stating the " time and place at which the injuries were received," in order to apprise the city of the nature of the claim that may be made against it, and thus to give the city the opportunity to investigate such claim. Sidewalks are, ordinarily, not kept in a perfectly smooth condition. In the space of a few hundred square feet there may be many cracks, depressions and other defects of greater or less moment. The city cannot investigate a claim that a particular defect caused injuries unless the place is stated with sufficient particularity to enable the city to locate that defect and investigate the claim. We held that only such a notice constitutes a substantial compliance with the statute.

We apply the same test where a claim is based upon other negligence of the city. The place must be stated with sufficient particularity to enable the city to investigate the claim of negligence. Nothing more may be required. Circumstances must determine in each case whether the notice served is sufficient.

The information contained in the notice of claim that the injuries were sustained by a fire in a small park was sufficient to enable the city to investigate the claim. It left no room for conjecture on the part of the city as to what particular fire the injured party would claim caused the injury. With reasonable certainty the city could determine from the notice itself the fire which it was claimed damaged the infant. A requirement of greater

particularity might defeat an honest claim; it could afford no needed protection to the city against a dishonest claim.

We find no ground for reversal in the other contentions raised by the defendant. We hold that upon the plaintiffs' appeal to the Appellate Division, that court might reverse both the order setting aside the verdict of the jury and the judgment of dismissal.

In each case the judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments affirmed.