July 28. 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Carr, Stapleton, Mills, and Rich, JJ., concur.

---

Grace J. TUTTLE, applt., v. Frank H. BIEL and one, respts. (Supreme Court, Appellate Division. Fourth Department. October 18, 1916.) Judgment affirmed, with costs. All concur, except Merrell, J., who dissents.

---

Rose E. TYNAN, appellant, v. CITY OF NEW YORK, respondent. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Judgment dismissing plaintiff's complaint affirmed, with costs. No opinion. Jenks, P. J., and Carr and Putnam, JJ., concur. Thomas and Stapleton, JJ., dissent.

---

Arnold H. UHRLASS, Respt., v. Walter F. SINCLAIR and Edwin W. Moore. Applts. (Supreme Court, Appellate Division, First Department. October 20, 1916.) As to the defendant Moore, the appeal has been withdrawn. As to defendant Sinclair, judgment and order affirmed, with costs. No opinion. Order filed.

---

Jacob A. ULANOV, Respt., v. Eva V. C. HAWKES, impld., Applt. (Supreme Court, Appellate Division, First Department. October 13. 1916.) Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. No opinion. Order filed.

---

William A. ULMAN v. Medora T. HUDSON. (Supreme Court, Appellate Division, First Department. July 10, 1916.) Motion for stay pending appeal granted. Settle order on notice.

---

UTICA GAS & ELECTRIC CO., applt., v. Perry KINGSTON, respt. (Supreme Court, Appellate Division, Fourth Department. October 18, 1916.) Motion granted, to preclude respondent from being heard upon the appeal unless respondent shall file and serve printed brief within 20 days and pay to respondent's attorneys $10 and be ready to argue the appeal at the opening of November term.

---

Nettie F. Valentine, Respondent, v. POINT O'WOODS ASSOCIATION, Appellant. (Supreme Court, Appellate Division, Second Department. November, 1915.) The partition suit being quasi in rem, the policy of the law is to have all interests before the court (Code Civ. Proc. § 452), especially derivative rights from a common ancestor. After a motion to intervene has been noticed, and then adjourned, and is pending, the suit may not be unqualifiedly withdrawn and discontinued. Hence the discretion of the court at Special Term to set aside such discontinuance, and to permit the interveners to come in and defend, notwithstanding this attempt to drop the suit being based on grounds and considerations peculiar to a partition suit, was rightly exercised. The order setting aside the discontinuance, restoring the lis pendens, and admitting the interveners to come in and defend, is therefore affirmed, with $10 costs and disbursements. Jenks, P. J., and Thomas, Carr, Stapleton, and Putnam, JJ, concurred.

---

In the Matter of the Proof and Probate of the Instrument Propounded as the Last Will and Testament of Francis VAN TINE, Deceased. (Supreme Court, Appellate Division, Fourth Department. October 18, 1916.) Appeal from Surrogate's Court, Cayuga County. In the matter of the proof and probate of the instrument propounded as the last will and testament of Francis Van Tine, deceased. From a decree of the Surrogate's Court against the will, from its order denying proponent's motion for new trial, and from an order of the Supreme Court, on trial of the issues sent therein by the Surrogate's Court, denying motion for new trial, Jason R. Swift, proponent and as executor, appeals. Decrees and orders denying motion for new trial reversed, and new trial granted.

PER CURIAM. The jury found by their answers to the questions submitted to them that at the time of the making of the alleged will the testator was of sound mind and capable of making the same, but that he never executed it, and also that the execution was obtained by undue influence. Assuming that these findings may be reconciled, we are of the opinion that the finding that the testator did not execute the will and that the execution was obtained by undue influence is each against the weight of the evidence, and that the verdict of the jury should have been set aside upon that ground. Decree and orders denying motion for new trial reversed, and new trial granted, with costs to the appellant to abide the event.

---

John W. VICKERY, respt., v. MONTCLAIR JAM KITCHENS, applt. (Supreme Court, Appellate Division, Fourth Department. October 4, 1916.) Order affirmed, with $10 costs and disbursements. All concur.

---

VILLAGE OF MONROE, respondent, v. MONROE NATIONAL BANK, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Judgment of the County Court of Orange County affirmed, with costs. No opinion. Jenks, P. J., and Carr, Mills, Rich, and Putnam, JJ., concur.

---

Emilie VOIGT, Respt., v. BISCHOFF'S BANKING HOUSE, Applt. (Supreme Court, Appellate Division, First Department. October 20, 1916.) Judgment and order affirmed, with costs. No opinion. Order filed.

---

In the Matter of the Application of the City of New York, etc., for the Opening and Extending of WASHINGTON AVENUE, etc., from the East River to Jackson Avenue, Borough of

Queens, etc. (Supreme Court, Appellate Division, Second Department. February, 1916.) Clarence Edwards, Esq., Hon. Harrison S. Moore, and Eugene V. Daly, Esq., appointed commissioners.

In the matter of the application of the City of New York, etc., to acquire title to WASHINGTON AVENUE, etc., in the Borough of Queens. (Supreme Court, Appellate Division, Second Department. September 29, 1916.) Motion granted, and Emil A. Guenther, Esq., appointed in the place of Eugene V. Daly, Esq., resigned.

WASHINGTON SAVINGS BANK, Respt., v. TITLE & GUARANTEE CO. OF ROCHESTER et al., Applts. (two cases). (Supreme Court, Appellate Division, First Department. July 10, 1916.) Judgments affirmed, with costs. No opinions. Orders filed.

WATER SUPERVISION CO. v. DAVID SHALL. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Application denied, with $10 costs. Order signed.

Katie WEINSTEIN, appellant, v. CITY OF NEW YORK, respondent. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Judgment reversed, and new trial granted, costs to abide the event, upon the ground that the ruling of the trial court at folios 367 and 368 was erroneous, to the manifest and substantial prejudice of the plaintiff. See Furst v. Second Avenue Railroad Co., 72 N. Y. 542. Carr, Stapleton, Mills, and Rich, JJ., concur. Jenks, P. J., dissents.

Malovinia E. WELSH, Respt., v. Henry B. WELSH, Applt. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Order reversed, and motion denied. No opinion. Order filed.

Mary WHALEN and Ellen Whalen, as administratrices, etc., of Peter Quirk, deceased, respondents, v. NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Order affirmed, with $10 costs and disbursements. Rule 36 of the general rules of practice is, by its express terms, applicable only after an issue of fact has been joined. Section 480 of the Code of Civil Procedure states the proper remedy. It is within the legitimate discretion of the Special Term to deny, upon the terms prescribed in the order, a motion made under that section. Jenks, P. J., and Thomas, Carr, Stapleton, and Putnam, JJ., concur.

Charles A. WHITE, as adm'r, etc., respt., v. INTERNATIONAL RAILWAY CO., applt. (Supreme Court, Appellate Division, Fourth Department. October 11, 1916.) Judgment and order affirmed, with costs. All concur.

Ansley WILCOX et al., respts., v. John H. MEAHL et al., applts. (Supreme Court, Appellate Division, Fourth Department. May 17, 1916.) Motion for leave to appeal (from judgment 160 N. Y. Supp. 708) to Court of Appeals granted, and question for review certified.

Henry WILDMAN, respondent, v. BROOKLYN HEIGHTS RAILROAD COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Motion denied, on condition that appellant perfect the appeal, place the case on the September calendar of this court, and be ready for argument when reached; otherwise, motion granted, with $10 costs.

Matter of Joseph M. WILLIAMS, an attorney. (Supreme Court, Appellate Division, First Department. July 10, 1916.) Proceedings dismissed. Settle order on notice.

Mary A. WILLIAMS v. Sarah D. DONOVAN. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Motion granted.

Henry WILLIS, as stockholder, etc., applt., v. CITY OF ROCHESTER, respt., and Rochester Electric Ry. Co., and one, applts. (Supreme Court, Appellate Division, Fourth Department. October 11, 1916.) Order (95 Misc. Rep. 686, 159 N. Y. Supp. 882) affirmed, with $10 costs and disbursements. All concur.

Henry WILLIS, as a stockholder, etc., applt., v. CITY OF ROCHESTER, impleaded, etc., respt. (Supreme Court, Appellate Division, Fourth Department. October 18, 1916.) Motion for leave to appeal to Court of Appeals granted and questions for review certified.

John WILLIX, as adm'r, etc., respt., v. CITY OF SYRACUSE, impleaded, etc., applt. (Supreme Court, Appellate Division, Fourth Department. October 11, 1916.) Judgment and order affirmed, with costs. All concur, except Foote, J., and Lambert, J., who dissent upon the ground that plaintiff failed to show actionable negligence.

In the matter of the application of Herman WINTERS, an employé, claimant, for an award under the State Workmen's Compensation Act, claimant-respt., v. L. MARCOTTE & COMPANY, employer, and Prudential Casualty Company, insurer, applts. (Supreme Court, Appellate Division, Third Department. September 15, 1916.) Matter remitted to the Commission, to make a determination as to whether the claimant is excused for his failure to give notice of his injury as provided by the Workmen's Compensation Law. (Consol. Laws, c. 67).