SARAH KROIN, Appellant, *v*. THE CITY OF NEW YORK, Respondent.

Second Department, April 27, 1917.

**Municipal corporations — negligence — injury by fall on icy crosswalk — notice of claim — particularity required.**

Notices to a municipality of claims for damages caused by falling on icy streets or by reason of snow accumulation require greater particularity than like claims growing out of continuing defects like holes in the ground, irregular openings in paving, piles of dirt, or fixed obstructions.

Notice of claim filed in an action against the city of New York examined, and *held*, to be insufficient in that it failed to indicate on which of four crosswalks at intersecting streets the plaintiff fell by reason of accumulated ice.

APPEAL by the plaintiff, Sarah Kroin, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 23d day of October, 1916, upon a dismissal of the complaint by direction of the court upon the pleadings at the opening of the case.

Plaintiff's notice of claim and notice of her intention to sue, served and filed on June 16, 1914, under section 261 of the charter of Greater New York (Laws of 1901, chap. 466, as amd. by Laws of 1912, chap. 452) and chapter 572 of the Laws of 1886, mentioned "an accident which occurred on the 11th day of March, 1914, at Hendrick Street, at or near the intersection of Dumont Avenue, Brooklyn, New York. That the said accident resulted because the City of New York improperly, carelessly, negligently and unlawfully suffered ice and snow to be and

remain for a long period upon the cross-walk of said Hendrick Street and Dumont Avenue, as a result of which the said cross-walk was in a rough, uneven and dangerous condition that a person could not walk over it, without the danger of falling down, of all of which the City of New York had notice. That as a result thereof, the petitioner, while lawfully upon the highways as aforesaid, and in the exercise of due care on her part, fell into a hole or opening in the cross-walk caused by the said ice and snow."

The complaint similarly averred a fall upon "snow, ice or slush, so wrongfully, negligently and carelessly allowed and permitted by the defendant to be and remain on said cross-walk, causing her to fall violently to the cross-walk and to fracture one of her limbs."

On the pleadings and the notice, the court dismissed the complaint.

*Nathaniel Kent,* for the appellant.

*Edward A. Freshman* [*Lamar Hardy, Corporation Counsel,* and *Thomas F. Magner* with him on the brief], for the respondent.

PUTNAM, J.:

Notices to the municipality of claims for falling on icy streets or by reason of snow accumulation, require greater particularity than like claims growing out of continuing defects, like holes in the ground, irregular openings in paving, piles of dirt, or fixed obstructions. Congealed snow may leave a slippery pathway in spots that soon cease to be dangerous. The snow along a sidewalk of a city block, however, is relatively stable, so as to be kept in mind by witnesses, as compared with snow in a suburban street crossing where the irregular roadway surface may be cut up and roughened by each passing truck. Such places are designed for horses and vehicles as well as for wayfarers on foot. Claimant's notice of claim and notice of intention to sue for falling into snow at a crossing should, therefore, tell the city officials how they can locate where she fell, otherwise their inquiries may miss the place. Here the notice referred to a crosswalk " at Hendrick Street, at or near the intersection of

Dumont Avenue, Brooklyn." It left the location open to any one of four crosswalks about that intersection. It did not speak of an ice surface glare and slippery, but stated that she fell "into a hole or opening in the cross-walk caused by the said ice and snow." If the city is to be thus charged for snow in a roadway (See *Stanton* v. *City of Springfield,* 12 Allen, 566) the claimant at least should say at which crossing she stepped into this snow. For this material defect the complaint was rightly dismissed. (*Casey* v. *City of New York,* 217 N. Y. 192; *Tynan* v. *City of New York,* 174 App. Div. 922.)

The judgment of dismissal should be affirmed, with costs.

Present — JENKS, P. J., THOMAS, MILLS, PUTNAM and BLACKMAR, JJ.

Judgment unanimously affirmed, with costs.