HYMAN GOLDBERG, an Infant, by SAMUEL GOLDBERG, His Guardian ad Litem, Appellant, *v.* BORDEN'S CONDENSED MILK COMPANY, Respondent.

**Master and servant — injuries to boy riding on milk wagon at invitation of the driver —when owner of wagon not liable.**

Where defendant, a corporation engaged in the selling and delivery of milk, had given explicit directions to the driver of a milk wagon not to allow children to ride in his wagon, and a corresponding rule was printed in the route book given to him, and a notice to the same effect posted in the defendant's office, the driver had no right or authority to invite the plaintiff, a boy about eleven years of age, to ride with him, and when he did so he acted outside the scope of his employment, and hence the defendant is not responsible for the injuries to plaintiff caused by the negligence of the driver while plaintiff was riding with him.

*Goldberg* v. *Borden's Condensed Milk Co.*, 185 App. Div. 222, affirmed.

(Argued December 8, 1919; decided January 6, 1920.)

APPEAL from a judgment, entered December 12, 1918, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jay S. Jones, Edward J. Fanning* and *Henry M. Dater* for appellant. The defendant was clearly liable to the plaintiff for the injuries sustained by him through the negligence of the driver. (*Eaton* v. *D., L. & W. R. R. Co.*, 57 N. Y. 382; *Grimshaw* v. *L. S. & M. S. R. R. Co.*, 205 N. Y. 371; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *Royal Indemnity Co.* v. *P. & W. Refining Co.*, 98 Misc. Rep. 631; *Kane* v. *Sperry & Veale Co.*, 175 App. Div. 998; *Nudelman* v. *Borden's Condensed Milk Company*,

77 Misc. Rep. 103; *Royal Indemnity Company* v. *Platt & W. Ref. Co.*, 98 Misc. Rep. 631; *Adams* v. *Tozer*, 163 App. Div. 751; *Damm* v. *Kahn*, 98 Misc. Rep. 648.)

*George O. Redington* and *Walter Engells* for respondent. The act of the driver in inviting the Goldberg boy to ride in the wagon whether for pleasure or to assist him in the work was not only beyond his actual authority, but beyond the apparent scope of his authority as well. (*Timpson* v. *Allen*, 149 N. Y. 519; *Edwards* v. *Dooley*, 120 N. Y. 551; 2 Mechem on Agency [Ed. 1914], § 1875; *Fiesel* v. *New York Edison Co.*, 123 App. Div. 676; *Cannon* v. *Fargo*, 138 App. Div. 20; *Denton* v. *Morgan*, 166 App. Div. 119; *Marks* v. *Rochester Railway Co.*, 41 App. Div. 66; *Marks* v. *Rochester Railway Co.*, 77 Hun, 77; 146 N. Y. 181; *Eaton* v. *D., L. & W. R. R. Co.*, 57 N. Y. 382; *Morris* v. *Brown*, 111 N. Y. 318; *Finley* v. *Hudson El. Ry. Co.*, 64 Hun, 373; 146 N. Y. 369; *McDonough* v. *Pelham H. E. Co.*, 111 App. Div. 585.)

MCLAUGHLIN, J.  The plaintiff, a newsboy about eleven years of age, early in the morning on the 27th of August, 1916, was standing on the corner of Marcy avenue and South Fifth street in the city of Brooklyn, N. Y., waiting for a newsdealer to deliver papers to him.  While standing there a milk wagon of the defendant, driven by one Huber, a regular driver and route salesman whom he knew, came along Marcy avenue and stopped on the corner of South Fifth street, with the right side of the wagon about a foot from the curb.  Huber called to the plaintiff to have a ride.  Thereupon plaintiff crossed the street, took hold of the front handle in the side door of the wagon, but had not gotten into the body of it, when Huber whipped up his horse, and the wagon was started so suddenly that plaintiff was thrown to the ground and seriously injured.  Action was brought to recover damages therefor.  Plaintiff had a verdict, which

was reversed and the complaint dismissed by the Appellate Division, second department, one of the justices dissenting, and he now appeals to this court.

Huber had been in defendant's service for several months. When he was employed he was given explicit instructions not to allow children to ride in the wagon. There was also printed inside the cover of the route book given to him: "Route salesmen must not allow children in the wagons." A notice was posted in the defendant's office that "It is absolutely against the rules and regulations of the company to have boys on the wagons and also against the laws of the State." Huber had, however, without defendant's knowledge, on several occasions prior to the time the accident occurred, permitted plaintiff to get on the wagon and help make deliveries, for which he personally paid him. Huber testified that in a few instances, when one of the defendant's inspectors approached, he would tell the boy to get out of the wagon and would chase him away. The plaintiff denied knowledge of defendant's rules forbidding children to ride on the wagon, but did not contradict the testimony of Huber as to warning him away when the inspector appeared.

Huber had no authority to invite the plaintiff to ride; in fact he was acting contrary to express orders of his employer. When he gave the invitation he did an act outside the scope of his employment and the defendant was not responsible for the injuries caused by the driver's negligence while plaintiff was thus riding.

The judgment was properly reversed and the complaint dismissed, and the judgment here appealed from should be affirmed, with costs, on the authority of *Rolfe* v. *Hewitt*, decided herewith.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, ANDREWS and ELKUS, JJ., concur.

Judgment affirmed.