ERIKA DENECKE, Appellant, *v.* PROPERTY COLLATERALS, INC., et al., Defendants, and CITY OF NEW YORK, Respondent.

Argued October 17, 1938; decided November 29, 1938.

*Frederick B. Merkle, Walter H. W. Luberts* and *Harry S. Austin* for appellant. In view of the accord and agreement, any slight misdesignation in the notice should be disregarded. (*Schwartz* v. *City of New York*, 250 N. Y. 332.)

*William C. Chanler, Corporation Counsel* (*Paxton Blair* and *James Hall Prothero* of counsel), for respondent.

Since the burden of the complaint was negligence in permitting a particular condition to recur at a given spot, the error in describing its location rendered the notice insufficient in law. (*Kroin* v. *City of New York*, 177 App. Div. 738; *McClorey* v. *City of New York*, 158 App. Div. 946; *House* v. *City of New York*, 140 Misc. Rep. 132; *Van Den Bergh* v. *City of New York*, 208 App. Div. 72; *Learned* v. *Mayor*, 21 Misc. Rep. 601; *Atkinson* v. *City of Indianapolis*, 101 Ind. App. 620.) The dismissal of the complaint was right even if the city was not misled and even if its agents correctly guessed the facts in spite of the misstatements in the notice. (*Weisman* v. *City of New York*, 219 N. Y. 178; *Rogers* v. *Village of Port Chester*, 234 N. Y. 182; *Collins* v. *City of Memphis*, 16 Fed. Supp. 204; *Ponsrok* v. *City of Yonkers*, 254 N. Y. 91; *Rauber* v. *Village of Wellsville*, 83 App. Div. 581; *Casey* v. *City of New York*, 217 N. Y. 192.)

LOUGHRAN, J. Plaintiff fell upon a sidewalk and suffered injuries for which she sued. After the case had been opened to the jury, the complaint as against the defendant city of New York was dismissed on the ground that the antecedent notice of claim filed by the plaintiff under chapter 572 of the Laws of 1886 was not a sufficient statement of the " place at which the injuries were received." Whether this ruling was correct is the single question presented for decision on this appeal by the plaintiff from an affirmance by the Appellate Division.

The notice filed by the plaintiff charged that the city had been negligent " in permitting that portion of the sidewalk on the west side of Parsons Boulevard, also known as Parsons Avenue and Flushing Avenue, between 86th Avenue and 87th Avenue, in the Borough of Queens, City of New York, being more particularly in front of premises known as and by the street number 86-12 Parsons Boulevard, to be in a negligent, dangerous and unsafe condition * * *." The notice further stated: " The

said sidewalk was covered with a formation of ice caused by the freezing of water flowing from a defective, worn and improper drain upon the building next adjoining premises 86-12 Parsons Boulevard to the north and known as and by the street number 8610 Parsons Boulevard, Borough of Queens, City of New York."

In a colloquy between them and the trial judge, counsel in effect stipulated these facts: On the west side of Parsons boulevard between Eighty-sixth avenue and Eighty-seventh avenue (a distance of about 200 feet) there are but two separate structures. An apartment house with ground floor stores occupies the southerly half of the area. North of this house (and separated therefrom by an alleyway) is an unbroken row of "taxpayer" stores. The stores in the apartment house are numbered 8616–8626. The so-called taxpayer stores are numbered 8606–8614. Plaintiff fell in front of the store numbered 8616 — not (as the notice said) in front of premises numbered 8612. The drain mentioned in the notice was not (as therein stated) upon premises numbered 8610. The store nearest to this drain was numbered 8614. There was no other drain or like object on the Parsons boulevard side of either of the structures in question.

The aim of chapter 572 of the Laws of 1886 has often been expounded. "The plain purpose of this statute, and of similar provisions in the charters of the various municipalities throughout the state, is to guard them against imposition by requiring notice of the circumstances of an injury upon which a claim for damages is made, so that its authorities may be in a position to investigate the facts as to time and place, and decide whether the case is one for settlement or litigation." (*Purdy* v. *City of New York*, 193 N. Y. 521, 523). We think the notice filed by this plaintiff stated the circumstances of her injury with such practical certainty as to satisfy the purpose of the statute.

The place was correctly described as the west side of a named street between two named cross thoroughfares and was identified by reference to a lone, fixed and visible object as the thing which brought about the sidewalk condition that occasioned the injuries. We cannot suppose that the average man — when guided by that data — could have been misled by the unnecessary addition of mismatched street numbers. The statute did not call upon the plaintiff to mark off the precise spot where she was hurt, and, since everybody actually knew what place it was that was really meant, the notice was sufficient. (*Beyer* v. *City of North Tonawanda*, 183 N. Y. 338.)

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.