HENRY JOHANNES, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, June 2, 1939.

*Samuel L. Sargent* of counsel [*Samuel J. Siegel* and *Jerome I. Hyman* with him on the brief], for the appellant.

*Edward J. McGratty, Jr.*, of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondent.

MARTIN, P. J.   Section 261 of the Greater New York Charter, in effect at the time this action was instituted, provides as follows: " No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, *and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment * * *.*" (Italics mine.)

The complaint alleges: " That prior to the commencement of this action and within the time prescribed by law, a notice in writing setting forth the time, place and cause of action herein complained of, was duly served upon the Corporation Counsel and the Comptroller of the City of New York. That more than thirty days have elapsed since the service of said notice and that no compromise of said claim has been made."

This is not a compliance with the requirements of the Charter. It appears that the accident in this case occurred on October 21, 1935. Notice (to which further reference will be made later in this opinion) was served on the city officials on November 21, 1935. Plaintiff was notified to appear for examination before the city comptroller on December 16, 1935. The examination was adjourned from time to time and, finally, was held on March 23, 1936. A stipulation, dated January 24, 1936, provided for an adjournment to February 24, 1936, and then set forth the following: " Such adjournment is without prejudice to the Comptroller's right to settle or adjust said claim within the same period of time after such examination is held, as the Comptroller had from the date set originally for such examination, and that no action be brought during such period of time."

Notwithstanding this stipulation, the action was commenced on February 3, 1936, before the comptroller had the opportunity of passing on the merits of the claim.

In *Casey* v. *City of New York* (217 N. Y. 192) the Court of Appeals said: " The fact of the comptroller's neglect or refusal to pay or adjust plaintiff's claim was an essential part of her cause

of action, to be alleged and proved by her. ' Municipal liability for injuries is a matter that is within the control of the Legislature and when it is enacted what that liability shall be, and the conditions upon which it may be enforced are prescribed, the statutory provisions are controlling upon the subject.' (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198, 203.) "

It is urged on the part of the plaintiff that no motion was addressed to the sufficiency of the complaint; that had the question been raised, the complaint could have been amended and proof of the essential facts supplied sufficient at least to support the inference of " neglect " to adjust if not a " refusal." All that the city was called upon to do was to answer the pleading as presented. It was not incumbent upon the city to call attention of counsel to defects therein. The sufficiency of the complaint could be attacked at any time. (Civ. Prac. Act, § 279.) The record here discloses that the plaintiff was confined to a hospital for a little over three months following the accident, and the adjournments of the examination by the comptroller were requested by the attorney for plaintiff. In view of these circumstances and bearing in mind the stipulation of January 24, 1936, quoted above, it may not be said that the plaintiff has been in any way prejudiced by lack of opportunity to present evidence on the trial. As the Court of Appeals said in the case of *Casey* v. *City of New York* (*supra*). " The comptroller is entitled to examine the claimant to ascertain whether or not an adjustment or settlement ought to be made. If he seeks such an examination, and for no other reason than lack of information as to the merits of the claim, due to claimant's inability to appear for such examination, fails to pay or adjust the claim, it cannot be said that his failure to pay is a neglect or refusal to make an adjustment or payment. It should appear that he has waived or otherwise lost the right to examine the claimant. (*Tolchinsky* v. *City of New York*, 164 App. Div. 636.)"

The notice which was served on the city officials on November 21, 1935, omitted to state the date of the accident. This defect was fatal. (*Weisman* v. *City of New York*, 219 N. Y. 178; *Rogers* v. *Village of Port Chester*, 234 id. 182.) The stipulation of February 25, 1936, did not relieve the plaintiff of the failure to comply with the provisions of chapter 484 of the Laws of 1933 (amdg. Laws of 1886, chap. 572, § 1)█

The judgment appealed from should be affirmed, with costs.

UNTERMYER and DORE, JJ., concur; CALLAHAN, J., dissents in an opinion, in which COHN, J., concurs.

CALLAHAN, J. (dissenting). This is an action to recover damages for serious bodily injuries alleged to have been sustained by plaintiff when an automobile in which he was riding collided with a department of sanitation truck owned by defendant.

During the trial of the action the complaint was dismissed on the sole ground that the notice of claim, required by statute (Laws of 1933, chap. 484) as a condition precedent to suits against the city, omitted to state the date of the accident.

The notice served alleged that the plaintiff claimed damages for injuries which he sustained as a result of the negligent and careless manner in which the city's truck was operated at the intersection of Taylor avenue and Eastern boulevard, borough of Bronx, city of New York, " at or about 9:30 P. M. of that day." The date of the accident (which was October 21, 1935) was omitted, apparently through inadvertence.

Thereafter, and within the statutory period for giving notice of claim, the parties to this action entered into a stipulation which provided that the registration number of the motor truck, as alleged in the notice of claim and the complaint, be changed so as to correct a mistake in the number. The parties further stipulated the fact to be that the truck designated was being operated and controlled by the city of New York on the 21st day of October, 1935, at the intersection of Taylor avenue and Eastern boulevard. The stipulation provided that it was to " serve as an amendment of the notice of claim and complaint heretofore served upon the defendant, the City of New York, changing the registration number as alleged therein from 370–170 New York to 370–107 New York."

At the trial the plaintiff called the driver of the city's truck, who testified that on the day of the accident he had notified the office of the department of sanitation of the accident about seven minutes after its occurrence; that motor vehicle inspectors took photographs of the vehicles involved at the scene of the accident on the same night and in the presence of the city's police; that the driver made a report in writing concerning the accident, including the time thereof, that very night; that on the next day the driver was called to the office of the corporation counsel and questioned concerning the accident.

The police officer testified that he made a report in writing to the police station the very night of the accident, stating the date, place and Johannes' name as the injured person.

It appears, therefore, that the accident involved was one which occurred in the presence of a servant of the city; that within a few minutes thereafter reports were made to the various city departments concerning the same, and that the corporation

counsel examined at least one of the witnesses the day following the accident; that a stipulation, entered into before the time to serve notice of claim expired, showed that the defendant knew the date involved and admitted that its truck was at the scene of the accident on said date; that said stipulation made reference to the notice of claim and changed it in part.

In addition to the foregoing, it appears that the usual examination of the plaintiff as a claimant was held before the comptroller of the city, in which testimony was given concerning the time, as well as the other circumstances of the accident upon which the plaintiff's claim was based.

As stated in *Denecke* v. *Property Collaterals, Inc.* (279 N. Y. 105), the purpose of the statute requiring notice to the city is to guard the city against imposition by requiring notice of an injury upon which a claim for damage is made, so that the authorities may be in a position to investigate the facts as to time and place, and to decide whether the case is one for settlement. Here that purpose was fully served by the notice served, when read in connection with the stipulation altering it. In the *Denecke* case (*supra*) the question involved was whether the notice sufficiently stated the place of the accident. Plaintiff in that action claimed to have been injured by falling on ice and snow on a sidewalk. She designated the place of the accident by referring to a defective drain pipe on a building described by street and number. The number of the building was given incorrectly. Nevertheless, the Court of Appeals held the notice sufficient because there were only two buildings on the block and only one of them had a drain pipe. At page 108 the court said: " We cannot suppose that the average man — when guided by that data — could have been misled by the unnecessary addition of mismatched street numbers. The statute did not call upon the plaintiff to mark off the precise spot where she was hurt, and, since everybody actually knew what place it was that was really meant, the notice was sufficient. (*Beyer* v. *City of North Tonawanda*, 183 N. Y. 338.) "

The present notice omitted the statement of a precise date. This inadvertent error in nowise misled the city, and the missing date was supplied by the subsequent stipulation, in which the parties referred to the notice. Under the circumstances there could be no confusion concerning the occurrence upon which plaintiff's claim was based. (See *Schwartz* v. *City of New York*, 250 N. Y. 332.) To dismiss the claim because of the omission of the date from the notice served is to resort to mere formalism.

We are not unmindful of the authorities which hold that the regulation of claims against a municipality is within the control

of the Legislature, and that the court has no power to dispense with conditions precedent imposed upon the maintenance thereof. We think that in this case the conditions so imposed have been sufficiently fulfilled.

The respondent seeks to sustain the dismissal upon another ground: It claims that the complaint was defective in that it failed to sufficiently allege that the comptroller neglected or refused to make an adjustment or payment of plaintiff's claim, as required by section 261 of the Greater New York Charter. It is sufficient answer to this point to say that no such contention was urged upon the trial. Under the circumstances the objection cannot prevail here. (*McCarton* v. *City of New York*, 149 App. Div. 516.) Had the point been raised at Trial Term, the complaint might have been amended to cure the defect. The defect charged is that plaintiff's complaint states that more than thirty days have elapsed since the service of notice of claim and that " no compromise of said claim has been made," instead of stating, in the language of the statute, that the comptroller " has neglected or refused to make an adjustment or payment " of the claim. We may not assume that plaintiff may not, upon a new trial, establish that this action was not brought prematurely.

The judgment should be reversed and a new trial ordered.

COHN, J., concurs.

Judgment affirmed, with costs.