ANNA FISHER, as Administratrix of the Estate of ALBERT FISHER, Deceased, Appellant, v. NEW YORK GOOD HUMOR, INC., Respondent.— Assuming that a presumption existed in favor of plaintiff that the act of the employee in permitting intestate to ride as a passenger was within the scope of the employment, the uncontradicted proof of the defendant that the employee had been forbidden to carry passengers, supplemented by the written instructions and the paster on the windshield of the truck, operated conclusively to rebut such presumption and required dismissal of the complaint. (*Rolfe* v. *Hewitt,* 227 N. Y. 486; *Goldberg* v. *Borden's Condensed Milk Co.,* 227 N. Y. 465; *Psota* v. *Long Island R. R. Co.,* 246 N. Y. 388; *Clark* v. *Harnischfeger Sales Corp.,* 238 App. Div. 493; *Hull* v. *Littauer,* 162 N. Y. 569, 572.) Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

ELIZABETH FRELIGH, Appellant, v. THE CITY OF NEW YORK, Respondent.— The notice of intention to sue complied substantially with section 394a-1.0 of the Administrative Code of the City of New York "with such practical certainty as to satisfy the purpose of the statute" (*Denecke* v. *Property Collaterals, Inc.,* 279 N. Y. 105, 107) so as "to give the city the opportunity to investigate such claim." (*Schwartz* v. *City of New York,* 250 N. Y. 332, 335.) The accident happened at the southwest corner of Vanderbilt and St. Marks avenues, in Brooklyn. The reference to premises on St. Marks avenue was as unnecessary as it was erroneous. But, in view of the small area covered by the places mentioned in the notice, the notice, when reasonably construed, accomplished the purpose of the statute. (*Walden* v. *City of Jamestown,* 178 N. Y. 213.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

JUANITA GELLY, Plaintiff, v. ANNA KALAMON et al., Appellants, Impleaded with THOMAS J. HALLINAN, Receiver-Respondent, and Others.— No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.