CONCETTA DE LUCA et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Kings County, June 7, 1944.

*Louis E. Schwartz* and *Michael J. Esposito* for plaintiffs.

*Ignatius M. Wilkinson, Corporation Counsel (David H. Scott* of counsel), for defendant.

SWEZEY, J. The defendant City seeks herein to set aside a verdict in favor of plaintiff upon the ground, among other things, that the notice of intention to sue did not properly specify the place of the accident as required by section 394a–1.0 of the Administrative Code of the City of New York (L. 1937,

ch. 929, as amd.). Significantly, no objection to the sufficiency or propriety of the notice was raised at any time by the defendant prior to the rendition of the verdict. The notice specifies that the accident occurred on one of the Manhattan-bound trains at " the 17th Street station of the Fourth Avenue Line in the Borough of Brooklyn, City and State of New York." It is now contended by the defendant that there is no station officially designated as " the 17th Street Station " of the Fourth Avenue Line. There is in fact a subway station at 17th Street and Fourth Avenue, but it is known as the Prospect Avenue station (see Desk Atlas of the Borough of Brooklyn [E. Belcher Hyde Co., 1929], Vol. 1, p. 30). Assuming that defendant had offered timely objection to the sufficiency or propriety of the notice, and not belatedly as here subsequent to the rendition of the verdict, the question for determination would be whether the notice in fact reasonably apprised the defendant " with such practical certainty as to satisfy the purpose of the statute " (*Denecke* v. *Property Collaterals, Inc.,* 279 N. Y. 105, 107) so as " to give the City the opportunity to investigate such claim " (*Schwartz* v. *City of New York,* 250 N. Y. 332, 335; see, also, ·*Freligh* v. *City of New York,* 265 App. Div. 967). The sufficiency of the instant notice as to the specification of the *locus in quo* is amply demonstrated by the fact that the City was not frustrated from investigating the place of the accident, for it actually produced upon the trial an eyewitness who was its agent at that station and who testified as to the facts in issue. In any event, had the notice been deemed by the City to be insufficient, a timely objection thereto should have been made so that plaintiff might have been afforded proper opportunity to show that the objection was in actuality unfounded. I am further satisfied that the other contentions which defendant offers in support of the motion, including the alleged excessiveness of the amount awarded by the jury and the exception by the defendant to the granting of the request to charge by the plaintiff, do not merit the setting aside of the verdict. The motion is, therefore, denied.