In the Matter of the Adoption of (Female) MURA, an Infant. In the Matter of the Adoption of (Male) MURA, an Infant. LAWRENCE KAPLAN et al., Appellants; WILLIAM HALPERN et al., Respondents.— In adoption proceedings, orders of the Surrogate's Court, Westchester County, approving adoptions, unanimously affirmed, with one bill of costs to respondents. No opinion. Present — Lewis, P. J., Adel, Nolan, Sneed and Wenzel, JJ. [See *post*, p. 853.]

FRANCIS J. SCHORK, Appellant, v. JOHN HAYDEN et al., Respondents.— In a holdover summary proceeding instituted by the landlord in the City Court of New Rochelle to recover possession of a four-room apartment on the second floor of premises owned by him, a final order was entered in favor of the landlord. On appeal, the final order was reversed on the law by the County Court of Westchester County and the petition dismissed. Order of the County Court of Westchester County and the final order entered thereon in the City Court of New Rochelle reversed on the law, and the final order of the City Court of New Rochelle dated February 5, 1948, affirmed, with costs in all courts. The payment by the tenant, and the acceptance by the landlord, of rent after the expiration of the term of the written lease did not create a tenancy for another year during the period of the emergency rent laws. (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267.) Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

ELIZABETH KELLY et al., Respondents, v. LAUNDRY TRUCKING Co., INC., et al., Appellants.— Action to recover damages for personal injuries suffered when plaintiffs were struck at a street intersection by an automobile, owned and operated by defendant Murphy, which was being pushed by an automobile truck owned by the corporate defendant. On appeal by defendant Murphy, the judgment, insofar as it is against said defendant, is unanimously affirmed, with costs. No opinion. On appeal by defendant Laundry Trucking Co., Inc., the judgment, insofar as it is against said defendant, is reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. In our opinion it was error to sustain objections to questions seeking to develop fully the instructions given the operator of the truck by his employer. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Conca* v. *Cushman's Sons, Inc.*, 269 App. Div. 814.) There was further error in the charge of the court that if the owner of the truck reserved to itself the right to determine what business the employee should do and the manner in which he should do it, the employer was liable for the employee's negligence even though the employee disobeyed the instructions of the employer. (*Psota* v. *Long Island R. R. Co.*, *supra*; *Flack* v. *Stahl-Meyer, Inc.*, 258 App. Div. 961; *Fisher* v. *New York Good Humor, Inc.*, 265 App. Div. 967; *Goldberg* v. *Borden's Condensed Milk Co.*, 227 N. Y. 465; *Rolfe* v. *Hewitt*, 227 N. Y. 486.) Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ., concur.

FLORENCE F. KREUTZ et al., Respondents, v. JAMAICA BUSES, INC., et al., Appellants.— In an action by plaintiff wife to recover damages for personal injuries, and by her husband for expenses and loss of services, judgment in favor of plaintiffs and against defendants unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Adel, Nolan, Sneed and Wenzel, JJ.